# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

MORGAN RUSSELL,

        Plaintiff,

vs.

NISSAN MOTOR CO., LTD., *et al.*,

        Defendants.

2:16–cv–00458–JCM–VCF

**ORDER**

Before the court is the parties' Stipulated Confidentiality Agreement and Protective Order (ECF No. 48), which the court approves with the exception of paragraph 6. This order reminds counsel that there is a presumption of public access to judicial files and records. Paragraph 6 will be changed as follows:

> In the event that counsel files or lodges with the Court any Confidential Information, all documents attaching, quoting from, or otherwise revealing the content of Confidential Information shall be filed under seal in accordance with Local Rule IA 10-5 [and the Ninth Circuit decision in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006)], or as otherwise required by the Court.

A party seeking to file a confidential document or utilize a confidential document at trial must comply with the Ninth Circuit's directives in *Kamakana*:

> Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. ... A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. ... that is, the party must "articulate[ ] compelling reasons supported by specific factual findings," that outweigh the general history of access and the public policies favoring disclosure. ¶ In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. ... The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

*Id*. at 1178-79 (citations omitted).

To justify the sealing of discovery materials attached to non-dispositive motions, a particularized showing of good cause is required. *Id*. at 1180. To justify the sealing of discovery materials attached to dispositive motions or used at trial, however, a higher threshold is required: a particularized showing that compelling reasons support secrecy. *Id*. "A 'good cause' showing will not, without more, satisfy a 'compelling reasons' test." *Id*. When private discovery materials are attached to a dispositive motion (or response or reply) or used at trial, such materials become a part of a judicial record, and as such "are public documents almost by definition, and the public is entitled to access by default." *Id*.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that:

1. Paragraph 6 of the parties' Stipulated Confidentiality Agreement and Protective Order (ECF No. 48) is NOT APPROVED.

2. The parties shall comply with the requirements of Local Rule IA 10-5(b) and the Ninth Circuit's decision in *Kamakana*, 447 F.3d 1172, with respect to any documents filed under seal or used at trial.

3. The parties' Stipulated Confidentiality Agreement and Protective Order (ECF No. 48), as modified and signed by the court, is APPROVED.

DATED this 1st day of February, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

CURTIS J. BUSBY, ESQ.
Nevada Bar No. 6581
PAUL R. LEE, ESQ.
BOWMAN AND BROOKE LLP
2901 North Central Avenue, Suite 1600
Phoenix, Arizona 85012
Tel: (602) 643-2300
curtis.busby@bowmanandbrooke.com

ALVERSON, TAYLOR,
MORTENSEN & SANDERS
LEANN SANDERS, ESQ.
Nevada Bar No. 000390
EDWARD SILVERMAN, ESQ.
Nevada Bar No. 013584
7401 W. Charleston Boulevard
Las Vegas, Nevada 89117
Telephone: (702) 384-7000
efile@alversontaylor.com

Attorneys for Defendants
NISSAN NORTH AMERICA, INC., NISSAN MOTOR CO., LTD.,
GARFF-WARNER NISSAN OF SLC, LLC,
dba KEN GARFF NISSAN OF SALT LAKE;
GARFF-WARNER AUTOMOTIVE GROUP, LLC AND
GARFF AUTOMOTIVE GROUP, LLC

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
**\*\***

| | |
|---|---|
| MORGAN RUSSELL,<br><br>Plaintiff,<br><br>vs.<br><br>NISSAN MOTOR CO., LTD., NISSAN NORTH AMERICA, INC., AUTOLIV JAPAN LTD.; AUTOLIV ELECTRONICS ASIA PACIFIC; TAKATA CORPORATION; TK HOLDINGS, INC; KEN GARFF AUTOMOTIVE GROUP d/b/a KEN GARFF NISSAN OF SALT LAKE; DOE INDIVIDUALS 1 through 100; ROE BUSINESS ENTITIES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 2-16-cv-00458-JCM-VCF<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

1

ls#23602

# STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

Defendants Nissan North America, Inc. and Garff-Warner Nissan of SLC, LLC dba Ken Garff Nissan of Salt Lake (hereinafter "Nissan defendants") may disclose certain Confidential Information to the parties in this action pursuant to discovery. Plaintiff Morgan Russell and the Nissan defendants agree to enter into this Stipulated Protective Order for the purpose of facilitating and expediting the discovery process and to prevent the court from having to conduct separate hearings on the information sought to be protected. In order to protect their proprietary interests and trade secret information, the Nissan defendants wish to ensure that any such Confidential Information shall not be used for any purpose other than this action and shall not be made public or disseminated by any party or their counsel, except as set forth in this Stipulated Confidentiality Agreement and Protective Order (hereinafter "Stipulated Protective Order").

The Nissan defendants represent that all documents, testimony, and/or other items to be produced pursuant to this Stipulated Protective Order contain trade secret, proprietary and/or Confidential Information. The disclosure of Confidential Information would necessarily result in serious harm to the Nissan defendants. Accordingly, the parties stipulate to the following:

1.  For the purposes of this Stipulated Protective Order, Confidential Information may include, but is not limited to, responses to discovery the content of electronically stored information, tangible thing, writing, paper, model, photograph, film, videotape, transcript of oral testimony, whether printed, recorded or produced by hand or any other mechanical process. All documents, testimony and other items designated as Confidential Information, and all copies, summaries, and reproductions of such information, are subject to this Stipulated Protective Order.

2.  Whenever the Nissan defendants produce a document or thing containing information deemed to be confidential, the Nissan defendants shall designate the document or thing with "Confidential," "Produced Pursuant to Protective Order," or a similar statement. If a document or thing is designated "Confidential" or "Produced Pursuant to Protective Order" on its first page, the entire document or thing shall be deemed "Confidential" or "Produced Pursuant to Protective Order." Inadvertent or unintentional production of documents or information containing Confidential

ls#23602

Information that are not designated "Confidential" shall not be deemed a waiver, in whole or in part, of a claim for Confidential treatment.

3. All material which the Nissan defendants designate as Confidential Information in this action shall be maintained in strict confidence by the parties to this action and pursuant to the terms of this Stipulated Protective Order. The parties to this action shall not disclose or permit to be disclosed Confidential Information to any person or other entity, except to "Qualified Persons" who shall be defined to include:

    a. Counsel of record for the parties in this action, and employees of such counsel who are actively engaged in assisting counsel with this action, provided they have first read this Stipulated Protective Order and have agreed to abide by its terms;

    b. The responsible employee(s) of a corporate party charged with overseeing that party's participation in this action, provided they have first read this Stipulated Protective Order and have agreed to abide by its terms;

    c. Independent experts and/or consultants retained by the parties to this action for the purpose of assisting in the preparation of this case, provided they have first read this Stipulated Protective Order and have agreed to abide by its terms and have signed a written certification in the form attached as Exhibit "A." Counsel for all parties to this action shall maintain such certifications and shall provide copies of them to the Nissan defendant's counsel upon request within sixty (60) days following the conclusion of the case.

    d. Witnesses, either by deposition or trial testimony, who may be shown and questioned about the Confidential Information and whose testimony as well as the information attached or submitted as exhibits, shall remain subject to this Stipulated Protective Order; and,

    e. The court, court personnel, special masters, mediators, other persons appointed by the court in this action, and stenographic and other reporters

ls#23602

pursuant to the provisions of Paragraph 5.

4. Confidential Information may be shared with other attorneys presently involved in a personal injury claim or lawsuit against the Nissan defendants involving the same vehicle (i.e., 2009-2014 Nissan Murano), and involving similar alleged defects (i.e., allegations of defect as to the right front impact supplemental airbag system, right side impact supplemental airbag system, or right front passenger seat belt in a frontal or offset frontal crash), however, only after the Nissan defendants are given at least twenty (20) days prior notice and are afforded an opportunity to object to the disclosure of Confidential Information, and provided further:

    a. Each such attorney shall agree to abide by the terms of this Stipulated Protective Order;

    b. Each such attorney shall execute an affidavit in the form attached as Exhibit "A" prior to receiving any Confidential Information. Counsel for all parties to this action shall maintain such certifications and shall provide copies of them to the Nissan defendant's counsel within thirty (30) days following the conclusion of the case;

    c. Each such attorney shall agree in writing that there will be no further "sharing" of Confidential Information beyond what is permitted in Paragraph 3 of this Stipulated Protective Order; and,

    d. Each such attorney shall agree to return the Confidential Information to counsel for the Nissan defendants upon the conclusion of that legal action, as provided by Paragraph 13 of this Stipulated Protective Order;

5. Any person who reviews the Confidential Information produced subject to this Stipulated Protective Order agrees to the jurisdiction over their person where the above-captioned matter is pending for the purposes of any action seeking to enforce the terms of this Stipulated Protective Order or any action for contempt for violation of the terms of this Stipulated Protective Order.

///

4

ls#23602

6. The parties and their counsel who receive Confidential Information shall act to preserve the confidentiality of designated documents and information. Any party who intends to use or submit any Confidential Information in connection with any pre-trial proceedings or filings shall notify the producing party in writing of its intention to do so at the time of or before filing any related pleadings, motions or other documents, and provide in such notice the Bates numbers or other sufficient description of such Confidential Information as to allow the producing party to identify the Confidential Information. ~~The Confidential Information shall be submitted to the Court *in camera* in a sealed envelope or other appropriate container labeled as follows: "CONFIDENTIAL - DOCUMENTS SUBMITTED IN CAMERA."~~

7. If a party disagrees with the "Confidential" designation of a specific document or thing, within 30 days of receipt, the parties agree to meet and confer with one another to resolve the issue. If the parties are unable to resolve the issue, the party producing the Confidential Information shall have 70 days from the date the Confidential Information is produced to file a further protective order establishing that the disputed information is entitled to confidential treatment under this Protective Order. If the party or parties producing the Confidential Information do not timely file a motion for a further protective order, then the Confidential Information in dispute shall no longer be subject to protection under this Protective Order. Until the issue of confidentiality is resolved, either through mutual agreement of the parties or by court intervention, documents designated as Confidential Information shall remain Confidential.

8. Confidential Information may be referred to by a party in notices, motions, briefs or any other pleadings, may be used in depositions, and may be marked as deposition exhibits in this action. No such information shall be used, however, for any of these purposes unless it, or the portion where it is revealed, is appropriately marked and protected from dissemination and, where filing is necessary, it will be done pursuant to the provisions of Paragraph 6.

9. If any party wishes to modify this Stipulated Protective Order or its application to certain documents or information, that party shall first request such modification from the party producing Confidential Information and if no satisfactory agreement is reached, may petition the court

ls#23602

for modification. Until modification is granted by agreement and/or order, the terms of this Stipulated Protective Order will govern. Provision for use of such information at trial shall be similarly made by agreement or by pretrial order governing the use and protection of the record.

10. No Confidential Information shall be disseminated to anyone:

   a. Who is an employee of a direct business competitor of the party producing the information; or,

   b. Who is employed by a direct business competitor of the party producing the information and who directly participates in development, design, testing, manufacturing, marketing, sales, or service activities of direct business competitors.

11. Failure to abide by the terms of this Stipulated Protective Order may result in a motion for sanctions, costs, and attorney's fees, and any other appropriate legal action by or on behalf of the Nissan defendants.

12. This Stipulated Protective Order or the Nissan defendants' production of documents, things, or information in this action for inspection, copying, or disclosure to any other party to this action shall not be deemed to waive any claim of attorney-client or work product privilege that might exist with respect to these or any other documents or communications, written or oral, including, without limitation, other communications referred to in any documents that the Nissan defendants may produce.

13. Within thirty (30) days from the entry of final judgment, settlement, or dismissal in connection with this action, each party to this action shall return to counsel for the Nissan defendants its original copies of all Confidential documents and information received under this Stipulated Protective Order, together with all reproductions, copies, abstracts, summaries, or other writings that contain, reflect, or disclose the substance of the Confidential Information. Each party's counsel will certify by declaration to the Nissan defendants' counsel that this Stipulated Protective Order has been complied with by them and their experts/consultants in the form attached as Exhibit "B."

14. After termination of this Action, the provisions of this Order shall continue to be

ls#23602

binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents enforcement of the provisions of this Order following termination of this Action. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

Dated: February 1, 2017                    BOWMAN AND BROOKE LLP

By: _____/s/ Curtis J. Busby, Esq._____
Curtis J. Busby, Esq. #6581

In conjunction with:

Dated: February 1, 2017                    ALVERSON, TAYLOR, MORTENSEN & SANDERS

By: _____/s/ LeAnn Sanders, Esq._____
Leann Sanders, Esq.   000390

Attorneys for Defendant Nissan North America, Inc. and Garff-Warner Nissan of SLC, LLC dba Ken Garff Nissan of Salt Lake

Dated: January 30, 2017                    MAINOR WIRTH, LLP

By: _____/s/ Katie E. Goldberg, Esq._____
Bradley S. Mainor, Esq. #7434
Matthew G. Holland, Esq. #10370
Katie E. Goldberg, Esq. #13493
Attorneys for Plaintiff Morgan Russell

**ORDER**

IT IS SO ORDERED.
2-2-2017
DATED: _____

_____
United States Magistrate Judge

7

ls#23602

**EXHIBIT "A"**
**[ATTACH FULLY EXECUTED STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER TO THIS AFFIDAVIT]**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MORGAN RUSSELL,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>NISSAN MOTOR CO., LTD., NISSAN NORTH AMERICA, INC.; AUTOLIV JAPAN LTD.; AUTOLIV ELECTRONICS ASIA PACIFIC; TAKATA CORPORATION; TK HOLDINGS, INC.; GARFF-WARNER NISSAN D/B/A KEN GARFF NISSAN OF SALT LAKE; GARFF-WARNER AUTOMOTIVE GROUP, LLC; GARFF AUTOMOTIVE GROUP, LLC; DOE INDIVIDUALS 1 through 100; ROE BUSINESS ENTITIES 1 through 100, inclusive,<br><br>　　　　　Defendants. | CASE NO. 2:16-cv-00458<br><br><br><br>**DECLARATION OF [INSERT NAME OF DECLARANT] RE STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

STATE OF _____ )
　　　　　　　　　　　　　　　　　 ) ss.
COUNTY OF _____ )

　　I, _____, declare under penalty of perjury under
　　　　(insert name of recipient of the documents)
the laws of the **[IDENTIFY STATE/United States of America]** that the following is true and correct:

　　1.　My full name and business address are:

_____.

　　2.　I have read and fully understand the attached Stipulated Confidentiality Agreement

ls#23602

and Protective Order.

3. I am fully familiar with and agree to comply with and be bound by the provisions of said Stipulated Confidentiality Agreement and Protective Order, and submit to the jurisdiction of the court in which this matter is pending for any proceedings with respect to said Stipulated Confidentiality Agreement and Protective Order.

4, I will not discuss or divulge to persons, other than those specifically authorized by this Stipulated Confidentiality Agreement and Protective Order, and will not copy or use, except solely for the purposes of this action and for no other purposes, any documents, materials or information obtained pursuant to said Stipulated Confidentiality Agreement and Protective Order.

EXECUTED this _____ day of _____, 2017.

_____
Signature of Declarant

9

ls#23602

# EXHIBIT "B"

[ATTACH FULLY EXECUTED STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER TO THIS AFFIDAVIT]

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MORGAN RUSSELL,<br><br>               Plaintiff,<br><br>vs.<br><br>NISSAN MOTOR CO., LTD., NISSAN NORTH AMERICA, INC.; AUTOLIV JAPAN LTD.; AUTOLIV ELECTRONICS ASIA PACIFIC; TAKATA CORPORATION; TK HOLDINGS, INC.; GARFF-WARNER NISSAN D/B/A KEN GARFF NISSAN OF SALT LAKE; GARFF-WARNER AUTOMOTIVE GROUP, LLC; GARFF AUTOMOTIVE GROUP, LLC; DOE INDIVIDUALS 1 through 100; ROE BUSINESS ENTITIES 1 through 100, inclusive,<br><br>               Defendants. | CASE NO. 2:16-cv-00458<br><br>**DECLARATION OF [INSERT NAME OF DECLARANT] RE STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

STATE OF _____ )
                                      ) ss.
COUNTY OF _____ )

       I, _____, declare under penalty of perjury under
           (insert name of recipient of the documents)

the laws of the **[IDENTIFY STATE/United States of America]** that the following is true and correct:

    1.    I am counsel of record for **[name of party]**. My full name and business address are:

_____.
(insert name and address of recipient of the documents)

10

1s#23602

2. I agreed to be bound by the terms and conditions of the Stipulated Confidentiality Agreement and Protective Order. I acknowledged my consent to be so bound by executing the attached Stipulated Confidentiality Agreement and Protective Order.

3. Pursuant to Paragraph 13 of the Stipulated Confidentiality Agreement and Protective Order attached hereto, I acknowledge that I am obligated to return original copies of all Confidential documents and information received under this Stipulated Confidentiality Agreement and Protective Order, together with all reproductions, copies, abstracts, summaries, or other writings that contain, reflect, or disclose the substance of the Confidential Information within thirty (30) days from the entry of final judgment, settlement, or dismissal in connection with this action.

4. I certify that I have returned original copies of all Confidential documents and information received under this Stipulated Confidentiality Agreement and Protective Order, together with all reproductions, copies, abstracts, summaries, or other writings that contain, reflect, or disclose the substance of the Confidential Information to counsel for the Nissan defendants.

5. I certify that the experts and consultants hired in this action on behalf of my client(s) have returned original copies of all Confidential documents and information received under this Stipulated Confidentiality Agreement and Protective Order, together with all reproductions, copies, abstracts, summaries, or other writings that contain, reflect, or disclose the substance of the Confidential Information to me. I further certify that I have returned such Confidential Information to counsel for the Nissan defendants.

EXECUTED this _____ day of _____, 2017.

_____
Signature of Declarant

11

1s#23602

## CERTIFICATE VIA CM/ECF

Pursuant to FRCP 5, I hereby certify that I am an employee of ALVERSON, TAYLOR, MORTENSEN & SANDERS and that on the 1st day of February, 2017, I caused to be served via CM/ECF a true and correct copy of **STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**.

Bradley S. Mainor, Esq.
Matthew G. Holland, Esq.
MAINOR WIRTH LLP
6018 S. Ft. Apache Rd., Suite 150
Las Vegas, NV 89148
*Attorneys for Plaintiffs*

*Rosemarie Frederick*
An Employee of ALVERSON, TAYLOR, MORTENSEN & SANDERS

n:\leann.grp\cases\23602\pleadings\stipulated confidentiality agreement & protective order.doc

12

ls#23602